STATE of Alaska, Appellant,

v.

Gary NEWCOMB, Appellee.

No. A–4772.

Court of Appeals of Alaska.

March 11, 1994.

Cynthia L. Herren, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Suzanne Weller, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

On March 3, 1987, Anchorage police officers located and arrested Gary Newcomb, a fugitive who had escaped from the Wildwood Correctional Center. In the course of the arrest, Newcomb shot and wounded two officers. After taking Newcomb into custody, the police discovered $666 in cash on his person and seized it.

Newcomb was charged with attempted murder, first-degree assault, misconduct involving weapons, and escape. While these charges were pending, Newcomb moved for return of the funds seized from him upon his arrest. The superior court denied this mo-

tion, ruling that the matter was under investigation and that the money was being properly held as potential evidence. Newcomb was eventually convicted; this court affirmed his conviction and sentence in *Newcomb v. State,* 800 P.2d 935, 937 (Alaska App.1990).

While his appeal was pending, Newcomb requested the District Attorney's Office to return his money. The Anchorage Police Department, which had control of the money, declined to return it based on an investigating officer's belief that it might be stolen.

On June 24, 1992, more than a year after his conviction had become final, Newcomb filed a motion in his closed criminal case, seeking return of the money. The state opposed the motion, arguing that the superior court lacked jurisdiction and that Newcomb's proper remedy would be a civil action against the municipality. Superior Court Judge Milton M. Souter initially denied Newcomb's motion, but subsequently granted a motion to reconsider his ruling and ordered the money returned. The state appeals, renewing the jurisdictional arguments it raised below.

■ Newcomb rejoins that the trial court has broad ancillary powers over the disposition of property seized in connection with a criminal case. *See, e.g., United States v. Elias,* 921 F.2d 870, 872 (9th Cir.1990); *United States v. Maez,* 915 F.2d 1466, 1468 (10th Cir.1990); *United States v. Wingfield,* 822 F.2d 1466, 1470 (10th Cir.1987); *United States v. LaFatch,* 565 F.2d 81, 83 (6th Cir. 1977); *United States v. Wilson,* 540 F.2d 1100, 1104 (D.C.Cir.1976). He argues that the court did not abuse its discretion in this case.

■ Although a trial court unquestionably exercises authority over the disposition of evidence upon the conclusion of a criminal case, the court's involvement in such issues typically does not extend beyond assuring that property submitted to the court in the course of the litigation be returned to the submitting party. *See, e.g.,* Criminal Rule 26.1(g), (h); Alaska Court System Office of the Administrative Director, *Administrative*

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

*Bulletin No. 9* § VIII(4) (July 15, 1991). In the interest of judicial economy and fairness, however, a trial court may also exercise authority to decide ancillary issues regarding the disposition of property involved in a criminal proceeding, particularly when the decision of such ancillary issues is incidental to the court's decisions on issues squarely presented in the course of the proceeding. *See, e.g., Wilson*, 540 F.2d at 1103–04. *See also United States v. Martinson*, 809 F.2d 1364, 1367–68 (9th Cir.1987). Nevertheless, in matters calling for an exercise of ancillary jurisdiction, the scope of the trial court's discretion is necessarily circumscribed by the principles from which its ancillary powers derive: judicial economy, procedural fairness, and sound public policy. *Wilson*, 540 F.2d at 1103–04; *Martinson*, 809 F.2d at 1367–68.

In this case, prior to Newcomb's trial, the court was required to determine the state's right to retain possession of the money seized from Newcomb upon his arrest. However, prior to the termination of the criminal proceedings, the trial court was never called upon to resolve the competing claims of Newcomb and the Municipality of Anchorage as to ownership of the money. This issue is in no sense incidental to issues addressed or decided by the trial court during the course of the criminal litigation; rather, Newcomb belatedly raised it long after his criminal case had been finally resolved.

Newcomb could as readily have pursued his claim in a separate civil action. Because his conviction had long since become final and his criminal case had been closed, and because his motion raised issues that the trial court had not been required to resolve during the pendency of the prosecution, adjudication of Newcomb's claim in the context of the closed criminal case offered no advantage of efficiency. To the contrary, as evidenced by the expenditure of state resources vastly disproportionate to the value of the funds in controversy, the superior court's exercise of its equitable powers of ancillary jurisdiction in this case can hardly be defended in the name of judicial economy.

We further fail to see how the interest of fairness was served by allowing Newcomb to proceed in a forum where the Municipality of Anchorage—which has actual possession and control of Newcomb's money and is primarily responsible for the resistance he has encountered in seeking its return—is not formally a party. Finally, we think it highly questionable whether public policy favors allowing Newcomb to pursue what is essentially a private civil action for money in a procedural setting where he is served by court-appointed counsel at public expense.

Under the circumstances, we conclude that the superior court abused its discretion in entertaining Newcomb's motion and deciding it on its merits in the context of his closed criminal case.

The order entered below is VACATED.

MANNHEIMER, J., not participating.