48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Eugene MOORE, Defendant-Appellant.
 No. 94-1253.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Steven Moore appeals the district court's order of May 13, 1994, denying his motion for return of property pursuant to Fed.R.Crim.P. 41(e).
 
 
 4
 Defendant escaped sheriff custody while in transit to a state court hearing in Denver, Colorado on the morning of April 30, 1990. Later in the day, with a firearm, defendant robbed a Denver bank, taking approximately $26,000 in cash. He was arrested eight days later. At the time of his arrest, defendant was in possession of approximately $1,666 in currency and $2.50 in change, which was seized and subsequently held by the federal government.
 
 
 5
 Defendant in July 1991 pled guilty to bank robbery and firearm charges, and was sentenced to 322 months in federal prison. Defendant subsequently sought, and was granted, the return of all the personal property that was seized at the time of his arrest, with the exception of the cash.
 
 
 6
 Some years later, in February 1994, defendant filed the present motion seeking a return of the cash. In his moving papers, defendant asserted that the money was taken from him at the time of his arrest, that none of it matched bait money taken in the bank robbery, that the government's need for the money as evidence had ended, and that, prior to his arrest, he had various legitimate sources of income that accounted for his possession of the cash. The government objected to the motion, arguing that the money was stolen and should be returned to the bank. The district court denied defendant's motion and ordered the government to return the money to the bank.
 
 
 7
 After criminal proceedings have ended, the government should, of course, return seized property to its rightful owner as determined by the court. If the claimant who was in possession holds the property wrongfully or without a valid claim, recovery may be denied and the property returned to the rightful owner. United States v. Maez, 915 F.2d 1466, 1468 (10th Cir.1990), cert. denied, 498 U.S. 1104 (1991); United States v. Estep, 760 F.2d 1060, 1064 (10th Cir.1985). See also Floyd v. United States, 860 F.2d 999 (10th Cir.1988). Because the government has an "interest in returning property in its possession to the true owner," it may assert the interests of the bank as the adverse claimant in the Rule 41(e) proceedings. Maez, 915 F.2d at 1468. It must be determined from the evidence who held rightful possession of the money. Id. As the government notes in its brief on appeal, this is a factual determination by the trial court and reviewed on a clearly erroneous standard. The question before this court is whether or not the district court's holding that the bank had a better claim of right to the money than did the defendant was clearly erroneous.
 
 
 8
 Defendant alleged, and the government concedes, that none of the money found in defendant's possession included bait money. This fact does not significantly aid in our inquiry compared to the other circumstances. Because only $1,666 was seized and $26,000 stolen, the chances that one of the approximately twenty-five bait bills would still be present is too remote to have any weight.
 
 
 9
 Again, the defendant-claimant admitted that he had in his possession eight days before his arrest $26,000 in cash stolen in his armed robbery of the bank. The time, the amount of cash stolen (with none apparently recovered) and the very remote possibility that bait bills would still be in the relatively small amount of money seized, are convincing in our consideration of the trial court's determination.
 
 
 10
 The motion of the defendant-claimant, with its assertions as to the claimed source of the seized money, was of course before the trial judge. The court did not accept the explanations as valid and there is nothing whatever to indicate that anything further could be developed.
 
 
 11
 The provisions of Fed.R.Crim.P. 41(e) in part state:
 
 
 12
 "A person aggrieved by ... the deprivation of property may move ... for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion."
 
 
 13
 There simply was no factual issue remaining "necessary to the decision of the motion." Consequently, a hearing would serve no useful purpose.
 
 
 14
 We must conclude that the trial court properly denied the claimant's Rule 41 motion on the basis of the facts before it.
 
 
 15
 The judgment is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470