**Filed 9/3/96**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VALERIE ENGLAND, a/k/a Valerie Cerivan,
a/k/a Valorie Foreman, a/k/a Valorie Cummings,

    Defendant-Appellant.

No. 95-6355
(D.C. No. CR-94-92-C)
(W.D. Oklahoma)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Valerie England, a federal prisoner proceeding *pro se* and *in forma*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*pauperis*, appeals the denial of her motion for return of property pursuant to Fed. R. Crim. P. 41(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291, *see United States v. Madden*, ___ F.3d ___, ___ n.1 (No. 96-6118) (10th Cir. Sep. 3, 1996), and affirm.

Ms. England pled guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846. Ms. England did not appeal her conviction and sentence. Ms. England later filed a motion for return of property pursuant to Fed. R. Crim. P. 41(e). Ms. England sought the return of (1) $1,167.00 seized and administratively forfeited to the Drug Enforcement Administration; and (2) $3,873.00 forfeited to the Oklahoma Department of Public Safety in a judicial forfeiture proceeding held in Oklahoma County District Court, No. CJ-94-1914. The district court denied the motion, stating as follows:

> The cash in question was seized from defendant on November 30, 1993, pursuant to a lawful search warrant, and on December 16, 1993, after a traffic stop. The cash seized on these two occasions was administratively forfeited by the DEA and the Oklahoma Department of Public Safety, respectively. Ms. England received notice of the forfeiture actions and does not deny any of these relevant facts. Defendant argues that her disclaimer of interest in the money was uncounseled, coerced, and as a result of false promises. She seeks return of the property.
>
> Defendant concedes the lawfulness of the search and seizure of the cash on both occasions, and further concedes the receipt of notice

of the administrative forfeiture.  It is settled that a defendant may not bypass her administrative remedy, i.e., she is not permitted to pursue the equitable remedy allowed by Fed. R. Crim. P. 41(e) after failing to challenge the forfeiture.  This court will not exercise jurisdiction under these circumstances.

In effect, the district court rejected Ms. England's contention her disclaimers were coerced and found they were voluntary, and that by signing those disclaimers, she forfeited her right to obtain equitable relief in a proceeding under Fed. R. Crim. P. 41(e).

Ms. England now contends the district court erred when it denied her motion.  We disagree.  We review the district court's finding Ms. England voluntarily disclaimed her right to the property in question for clear error, *United States v. Maez*, 915 F.2d 1466, 1469 (10th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991), and find none.  Furthermore, in light of this finding, we find no fault with the district court's conclusion Ms. England was not entitled to equitable relief.

**AFFIRMED.**

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge