**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-7614

PLINIO ARIAS BAUTISTA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-90-259-MJG)

Submitted: March 23, 1999

Decided: June 7, 1999

Before WIDENER, NIEMEYER, MOTZ, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Plinio Arias Bautista, Appellant Pro Se. James G. Warwick, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Plinio Arias Bautista filed a motion for return of property under Fed. R. Crim. P. 41(e), seeking return of $5000, United States identification cards, and Santa Domingo identification cards, all of which were seized in relation to his arrest on drug charges. For the following reasons, we affirm in part, vacate in part, and remand.

Regarding the currency, the Government avers that the money was forfeited as proceeds of the narcotics offenses for which Bautista was convicted. However, the Government did not offer any proof of its allegations. Bautista filed a reply, stating that the money was never introduced or referred to during his trial and that he never received notice of any forfeiture action. The district court found that, since Bautista failed to disprove the Government's allegations, the motion should be denied. We conclude that the district court improperly placed the burden of proof on Bautista.

In a postconviction Rule 41(e) proceeding, the movant bears the initial burden of establishing a prima facie case of lawful entitlement. See United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990). The movant is aided in this burden by the presumption that "a criminal defendant . . . ha[s] the right to the return of his property once it is no longer needed as evidence." United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993); see United States v. Duncan , 918 F.2d 647, 654 (6th Cir. 1990) ("The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated."); Maez, 915 F.2d at 1468 (seizure of property from someone is prima facie evidence of that person's subsequent entitlement to that property). In this case, there is no dispute that the Government seized money from Bautista. Because this property is not contraband, we find that Bautista has established a prima facie case of entitlement.

Once the movant makes out a prima facie case of lawful entitlement, the burden shifts to the government to show that it has a legitimate reason to retain the property. See Mills , 991 F.2d at 612. The government may meet this burden by showing, inter alia, that the

2

movant had an adequate remedy at law. An "adequate remedy at law" refers to a civil forfeiture proceeding where the movant had notice of the forfeiture and an opportunity to contest it. See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir. 1993) (opportunity to be heard in forfeiture proceeding permits dismissal of Rule 41(e) motion).

The Government states that the currency was subject to a forfeiture but fails to present the date or other details of this forfeiture and, in particular, fails to present any evidence whatsoever that Bautista had proper notice of the impending forfeiture. The Government and the district court simply do not mention the notice requirement anywhere in the record of this case.

Bautista clearly states that he never received any notice of the forfeiture of the currency. Therefore, on the current record, the Government has failed to meet its burden of showing that Bautista had an adequate remedy at law to contest the forfeiture of his currency or that a forfeiture actually occurred.

Accordingly, the district court erred by denying Bautista's motion without a hearing, and we, therefore, vacate the portion of the district court's order ruling on Bautista's motion for return of currency and remand for further proceedings. We affirm the remainder of the district court's order on the reasoning of the district court. See United States v. Bautista, CR-90-259-MJG (D. Md. Oct. 22, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Judge Widener authorizes us to indicate that he concurs in the opinion as to the currency but would require the dismissal without prejudice of the motion to return identification documents.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

3