[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

No. 10-10380
Non-Argument Calendar

_____

D.C. Docket No. 8:03-cr-00008-SDM-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE MELQUIADES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

George Melquiades, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for return of property, filed pursuant to Federal

Rule of Criminal Procedure 41(g).  In his motion, he alleged under oath that on January 13, 2004, federal agents arrested him, searched his home, and seized the following items:  (1) an American Tourister Book bag containing accounting books, (2) five gold men's rings, (3) six gold link chains, (4) six gold bracelets, (5) twelve gold women's rings, (6) six gold earrings, (7) one gold medallion, (8) one personal gold chain, (9) one personal gold bracelet, (10) one gold tone watch, (11) one gold statue, (12) one big screen TV set, (13) one DVD player, (14) one VCR, (15) one "Boom Box," (16) three pairs of dress boots, (17) three pairs of dress shoes, (18) one leather jacket, (19) one "designed" jacket, (20) one cell phone, (21) two sports jackets, and (22) fourteen "Guallaveras" shirts.  Melquiades maintained that he owned the listed items, and was entitled to their return. Relying entirely on the government's opposition to this motion—which in turn cited only to an unpublished Southern District of Texas case, Ezenwa v. United States, No. Civ. A. H-04-3379, 2006 WL 696557 (S.D. Tex. Mar. 16, 2006)—the district court summarily denied Melquiades's motion.

Interpreting Melquiades's briefs liberally,[1] he makes two arguments on

---

[1] "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."  GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937 (2009).

appeal. First, that the district court erred by failing to find, sua sponte, that the government had not properly served Melquiades with its response to his Rule 41(g) motion. Second, that the district court abused its discretion by placing undue "trust [in] the arguments of the government," depriving Melquiades of the opportunity to reply to this filing when it denied his motion on the merits. For the reasons discussed below, we conclude that the district court erred when it relied entirely on allegations made in the government's response to deny Melquiades's Rule 41(g) motion. Therefore, we reverse and remand.[2]

I.

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" by filing a motion in the district court where the property was seized. Fed. R. Crim. P. 41(g). Where, as here, the movant "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government." Id.

---

[2] Because we conclude that the district court erred when evaluating the merits of Melquiades's Rule 41(g) motion, we need not address his first argument.

We review the district court's factual findings for clear error. Id. at 973. We review *de novo* the legal issues relevant to a district court's decision to deny a Rule 41(g) motion. Id. "Rule 41(g) rulings are based on a balancing of the equities and are reviewed under the abuse of discretion standard." United States v. De La Mata, 535 F.3d 1267, 1279 (11th Cir. 2008).

## II.

Though we have never said it this way, this Court's precedent indicates that analysis under Rule 41(g) requires a multi-step inquiry.[3] A Rule 41(g) movant who asserts a post-conviction claim must first demonstrate that he is entitled to the property. This showing implicates the threshold requirement set out in Howell, that the movant have a possessory interest in the property. See Howell, 425 F.3d at 974. The government may rebut the movant's allegations with evidence that "'it has a legitimate reason to retain the property,'" that it does not possess the property, or that the property has been destroyed. See United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting United States v.

___

[3] Several sources of persuasive authority have more clearly set out the steps that comprise the multi-step analytical approach. See, e.g., United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990) ("'[T]he seizure of property *from someone* is *prima facie* evidence of that person's entitlement, particularly when the seized property is money.'" (quoting United States v. Estep, 760 F.2d 1060, 1064 (10th Cir. 1985)); 3A Charles Alan Wright et al., Federal Practice & Procedure § 673 (3d ed. 2010); see also United States v. Palacios Gonzalez, No. 09-14538, 2010 WL 1499605, at *2 (11th Cir. Apr. 15, 2010).

Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). Where a material issue of fact arises, the plain language of Rule 41(g) requires the court to "receive evidence . . . to decide the motion." See Fed. R. Crim. P. 41(g).

In this case, the district court denied Melquiades's motion based solely on the parties' filings, without holding an evidentiary hearing. The government argues on appeal that the district court decision to do so did not amount to error because "Melquiades wholly failed to show that the United States ever had seized the asserted property . . . , and wholly failed to show that the asserted property belonged to him." Accordingly, argues the government, Melquiades failed to establish a possessory interest in the purportedly seized property, as required by Howell. The strength of the government's argument rests upon its assumptions—made also by the district court—that (1) Melquiades bore the burden of production as to his ownership in the subject property and (2) the district court could decide these disputed factual issues without affording Melquiades an opportunity to present evidence in support of his allegations.

We have held that the government's bald assertion that it destroyed the subject property is insufficient to overcome a Rule 41(g) movant's claim, once criminal proceedings have terminated. See Potes Ramirez, 260 F.3d at 1314. ("Although the government alleges in its pleadings that the property sought by

5

Potes Ramirez was destroyed, . . .[t]here is no evidence in the record that Potes Ramirez's property was destroyed. Therefore the government has not met its burden in this case, and the district court was incorrect to deny Potes Ramirez's motion without requiring the government to submit at least some evidence of the property's destruction."). In so holding, we noted that "'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" Id. (quoting Chambers, 192 F.3d at 377). Even if the Potes Ramirez Court did not intend this presumption to apply to the logically anterior inquiries of whether the government seized the property from the movant or whether the movant can demonstrate a possessory interest in the purportedly seized goods, the text of Rule 41(g) plainly requires that a court "receive evidence on any factual issue necessary to decide the motion." See Fed. R. Crim. P. 41(g). Consequently, once a Rule 41(g) movant alleges that property was seized from his home and the government disputes this fact, the district court must at a minimum afford the movant an opportunity to present evidence in support of his claims.

Our precedent and the precedent of other circuits support the conclusion that a Rule 41(g) movant is not required to attach to his initial motion evidence in support of its allegations. Potes Ramirez relied on United States v. Chambers, 192

F.3d 374 (3d Cir. 1999), when setting out this post-prosecution presumption favoring movants. See Potes Ramirez, 260 F.3d at 1314. In Chambers, the Third Circuit explained that it derived this presumption from the requirement that a district court hold an evidentiary hearing to resolve material factual disputes between the parties. Chambers, 192 F.3d at 377–78 (noting that no evidence was offered or taken in this matter and that in order to refute the movant's request for return of property, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue"); see also Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994) (finding a procedural defect in the district court's denial of a Rule 41(e)[4] motion and noting that "[a]t the very least, the district court was required to take evidence and make factual findings to identify any items still in the possession of the Government and any items that might have been lost"); Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992) ("Research has revealed no authority for the proposition that a district court must rely on a representation, made by the government or any other litigant for that matter. Instead, in making a determination, a trial court must rely on the evidence before it."); 3A Charles Alan Wright et al., Federal Practice & Procedure § 675

---

[4] In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g). See Howell, 425 F.3d at 976 n.3.

(3d ed. 2010) ("Rule 41(g) requires the judge to receive evidence on any issue of fact necessary to the decision on a motion to return and the same is true on a motion to suppress. An evidentiary hearing need not be set as a matter of course, *but only if the motion alleges facts that, if proved, would require the grant of relief*." (footnote omitted, emphasis added)). Accordingly, as Melquiades argues on appeal, the district court erred by blindly relying on and placing complete trust in the government's unsubstantiated allegations. Where, as here, the parties disagree as to a material fact, the district court must receive evidence before ruling on the Rule 41(g) motion.

Despite the government's contention to the contrary, Howell does not require us to affirm the district court's order. In Howell we did hold that "[i]n order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government." Howell, 425 F.3d at 974. However, Howell does not stand for the proposition that when the criminal proceedings have reached their conclusion, Rule 41(g) requires that movants attach to their initial motions evidence demonstrating their possessory interest. Neither does Howell allow adverse parties to rest on bare allegations that deny the existence of any such interest.

In Howell the movant claimed a right to the return of $140,000 of Official

8

Advanced Funds ("OAF"), money used by a confidential source in a drug bust. Id. at 973. In that case, the confidential source merely showed the $140,000 to Howell before agents arrested him. Id. We noted that "[u]nder the *uncontradicted facts* in this matter there is no basis for any claim by the defendant of any possessory interest in the $140,000 of OAF." Id. at 974 (emphasis added). Because the undisputed facts of the case revealed that the property "never belonged to the defendant and he never gained ownership or control of the[] funds," id. at 975, it was unnecessary for the district court to hold an evidentiary hearing before ruling on Howell's motion.

Howell also asserted a right to return of three firearms seized by the government. Again, there was no need for the district court to hold an evidentiary hearing. First, as to Howell's possessory interest in the weapons, it was "*undisputed* that the defendant was the record owner of all three of these firearms." Id. at 974 (emphasis added). In the absence of any disputed issue of fact, we progressed to the next step of the Rule 41(g) inquiry and found that, as a matter of law, the firearms could not be returned to Howell. Because Howell was a convicted felon, return of these weapons would have violated the federal statute prohibiting felons from possessing firearms. Id. at 976. In reaching the conclusion that Howell was not entitled to return of the firearms, we cited to

9

United States v. Felici, 208 F.3d 667 (8th Cir. 2000),[5] the language of which supports Melquiades's contention that he is entitled to an opportunity to present evidence in support of his motion.  In Felici, the Eighth Circuit held:

> Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property. . . . *When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing.*

Felici, 208 F.3d at 670 (emphasis added).  Because Howell sought money that unquestionably "belonged to the government at all times throughout the drug transaction," Howell, 425 F.3d at 975, and sought the return of weapons which, as a matter of law, he could not possess, id. at 976–77, no evidentiary hearing was required.  By comparison, in this case the parties dispute what property was seized from Melquiades's home.  Furthermore, the government has not claimed that, as a matter of law, Melquiades would not be entitled to the property listed, if he can prove that it was in fact seized from his home.  Therefore, we conclude that once a

---

[5] Melquiades also relies on an Eighth Circuit opinion, Blade v. United States, 256 F. App'x 24 (8th Cir. 2007), to support his argument that the district court erred by placing its trust in the government's assertions, without affording him an opportunity to present responsive arguments and supporting evidence.  In Blade, a Rule 41(g) movant, a federal inmate, requested the return of nine specific items that the government had allegedly seized from him without notice.  Id. at 25.  The Blade Court cited to a string of Eighth Circuit opinions, including Felici, that suggest it is error to deny a Rule 41(g) motion before accepting evidence necessary for resolution of "factual issues related to whether [the movant] was entitled to the return of his property."  Id.

10

Rule 41(g) movant alleges facts sufficient to sustain his claims, which are neither

barred by law nor frivolous, the district court must collect some evidence[6] to

resolve material factual issues.[7]

---

[6] It is worth noting that Department of Justice regulations appear to require the retention of such documents. Pursuant to 41 C.F.R. § 128-50.101:

> Each bureau shall be responsible for establishing and maintaining inventory records of its seized personal property to ensure that:
>
> (a) The date the property was seized is recorded;
>
> (b) All of the property associated with a case is recorded together under the case name and number;
>
> (c) The location of storage of the property is recorded;
>
> (d) A well documented chain of custody is kept; and
>
> (e) All information in the inventory records is accurate and current.

41 C.F.R. § 128-50.101. The government's response to Melquiades's motion references just such an inventory. In addition, it discusses Special Agent Scott Oliver's Report of Investigation and his oral confirmation of what items were seized on January 13, 2003. However, the government did not attach the inventory, the Report, or the agent's statement to its response; it did not include these documents in the record on appeal; and it did not cite to any portion of the record where this evidence could be found.

It is entirely possible that on remand the government will present evidence that it never seized the goods listed by Melquiades's motion. However, the district court cannot shirk its duty to collect such evidence in the face of disputed material issues of fact. See Chambers, 192 F.3d at 378 ("Because no evidence was offered or taken in this matter, the government did not meet its burden and the District Court did not discharge its duty under Rule 41(e).").

[7] Howell is also distinguishable from this case because in Howell the government actually did attach significant evidence to its Rule 41(g) opposition. In response to Howell's motion, the government submitted seven exhibits: an FBI report on the arrest of Howell and search of the relevant premises (N.D. Ga. 4:00-cr-65-HLM-GGB, Doc. No. 93, Ex. 1, at 13); a DEA investigation report (id., Ex. 2, at 18); a second FBI report (id., Ex. 3, at 22); an FBI receipt for property received (id., Ex. 4 at 25); an FBI consent to search form (id., Ex. 5, at 28); an FBI report itemizing documents seized in the search (id., Ex. 6, at 30); and an FBI report describing a

11

This conclusion is also consistent with <u>Howell</u>'s observation that courts treat post-prosecution motions for return of property as civil actions in equity. <u>See id.</u> at 974. Our sister circuits have incorporated federal civil procedural standards when analyzing Rule 41 motions. <u>See, e.g.</u>, <u>United States v. Ritchie</u>, 342 F.3d 903, 907–08 (9th Cir. 2003) (noting that the movant had alleged facts sufficient to support a motion for return of property, and evaluating the government's opposition as it would have a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss); <u>United States v. Rodriguez-Aguirre</u>, 264 F.3d 1195, 1203–04 (10th Cir. 2001) (considering a Rule 12(b)(1) standing challenge to a Rule 41(e) motion). Construing the government's opposition to be a facial attack on the plaintiffs' standing,[8] the <u>Rodriguez-Aguirre</u> Court observed:

weapon found in Howell's vehicle (<u>id.</u>, Ex. 7, at 33). Thus, the record in <u>Howell</u> reflects that the district court denied Howell's motion for return of goods only after receiving evidentiary support for the government's position.

  [8] There are two ways to attack a complaint under Rule 12(b)(1):

  "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.

<u>Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.</u>, 524 F.3d 1229, 1232–33 (11th Cir. 2008) (quoting <u>McElmurray v. Consol. Gov't of Augusta-Richmond County</u>, 501 F.3d 1244, 1251 (11th Cir. 2007)). Because the government has not referred this Court to any extrinsic material, we also construe its attack on Melquiades's motion as facial in nature.

12

In a Rule 41(e) proceeding, a claimant must allege "a colorable ownership, possessory or security interest in at least a portion of the defendant property" to satisfy the standing requirements. When the claimant alleges such an interest in the seized property, the standing requirements are satisfied "because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by the return of the seized property."

Id. at 1204 (quoting United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 497 (6th Cir. 1998)). In Rodriguez-Aguirre the movants listed a number of items that they alleged had been "seized from them." Id. at 1205 (emphasis omitted). The Tenth Circuit deemed "not dispositive of the standing inquiry" the government's concerns (1) that the motion inadequately described the purportedly seized items, and (2) that the movants were not themselves the true owners—two arguments similar to those made in opposition to Melquiades's motion. See id. at 1206 n.7. Rather than resolve these issues at an early stage in the proceedings, the Rodriguez-Aguirre Court concluded that "[w]hether some of the listed property does not, in fact, belong to Appellants is a matter better dealt with on summary judgment or at trial." Id.

Similarly, in this case, Melquiades needed only to allege facts sufficient to demonstrate his possessory interest in the seized goods. Despite the government's arguments to the contrary, he was not burdened with "show[ing] that the United States ever had seized the asserted property, most of which he described in

13

extremely vague terms," or "that the asserted property belonged to him." Rather, when evaluating whether the district court correctly denied Melquiades's motion based solely on the party's pleadings, "we are concerned only with the allegations contained in [the motion] and not with actual evidence." See Rodriguez-Aguirre, 264 F.3d at 1206. To hold otherwise and "[r]equir[e] evidence of ownership, as opposed to allegations of ownership, [would be] antithetical to the standards for reviewing 12(b)(1) motions to dismiss for lack of facial standing." Id.

Construing Melquiades's Rule 41(g) motion—the functional equivalent of a civil complaint—in Melquiades's favor, and interpreting his *pro se* filings liberally, Melquiades alleged that when federal law enforcement agents searched his home on January 13, 2003, they confiscated certain, specifically listed items. Melquiades clearly stated that, "in this case the Movant is the owner of the property." He also asserted entitlement to its return. Thus, Melquiades has alleged facts sufficient to show that he has a possessory interest in some property, that the government seized these items, and that they were not returned. Accordingly, it was error to deny Melquiades's motion without collecting evidence to resolve the parties' factual disputes. See Potes Ramirez, 260 F.3d at 1314.

14

## III.

For these reasons, we conclude that once a Rule 41(g) movant alleges facts sufficient to sustain his claims—claims that are neither barred by law nor frivolous—the district court must collect some evidence to resolve the material factual issues disputed by the parties. Therefore, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.