# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-1273

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Rafael J. Felici, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: October 19, 1999
Filed: March 24, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

HANSEN, Circuit Judge.

Following our decision affirming his conviction for various methamphetamine-related felony offenses and our subsequent denial of his application for postconviction relief, Rafael J. Felici filed a motion in district court pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for the return of certain property that the government had seized during a search of Felici's residence. The property included firearms and various other items. Without receiving any evidence, the district court granted in part and denied in part Felici's Rule 41(e) motion. Felici appeals the portion

of the district court's order denying his Rule 41(e) motion to this court. We affirm the district court's decision in regard to the firearms but, as to the remaining items, we reverse and remand for further proceedings pursuant to Rule 41(e).

## I.
## Facts and Procedural Background

On September 20, 1994, a jury found Felici guilty of various methamphetamine and firearm-related felony offenses. The district court sentenced Felici to 181 months in prison pursuant to the United States Sentencing Guidelines. This court affirmed Felici's conviction on appeal. See United States v. Felici, 54 F.3d 504 (8th Cir.), cert. denied, 516 U.S. 897 (1995). Felici then filed a motion for postconviction relief with the district court. See 28 U.S.C. § 2255. The district court granted Felici's motion in part and vacated Felici's conviction for using and carrying a firearm based upon the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). The district court denied the remainder of Felici's postconviction motion and resentenced Felici to 121 months in prison. We denied Felici's application for a certificate of appealability.

Following this court's denial of his application for a certificate of appealability, Felici filed a Rule 41(e) motion in which he sought the return of his confiscated property. The district court ordered the government to return some of the property requested by Felici. Citing this court's decision in United States v. Bagley, 899 F.2d 707 (8th Cir.), cert. denied, 498 U.S. 938 (1990), however, the district court refused to compel the return of Felici's firearms. The district court also refused to order the return of various portions of Felici's property that it labeled "drug-related items." The supposed drug-related items include (1) a liquid wrench can with a false bottom, (2) a Dr. Pepper can with a false bottom, (3) two silver cylinders, (4) Ohaus digital scales, (5) seven books concerning the manufacturing of methamphetamine and cocaine, (6) a Fisher/Ainsworth heat melting point analyzer, (7) a yellow box of Manitol, (8) a can of Country Time with a false bottom, (9) Ohaus three-beam scales, and (10) Ohaus

triple beam scales. The district court held that "returning firearms to a felon and drug-related materials to an individual convicted of distribution of methamphetamine would amount to a mockery of the law." (Dist. Ct. Order at 3) (internal quotations omitted). We review the district court's legal conclusions de novo and its findings of fact for clear error. See United States v. True, No. 98-3824, 1999 WL 604202, at *2 (8th Cir. Aug. 11, 1999), cert. denied, 120 S. Ct. 424 (1999).

## II.
### Discussion

Rule 41(e) of the Federal Rules of Criminal Procedure provides in pertinent part that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion." Fed. R. Crim. P. 41(e). Felici argues that based upon the text of the Rule, the district court must provide him an evidentiary hearing in order allow him to demonstrate that he is lawfully entitled to the confiscated property. Felici is partially correct.

The plain language of Rule 41(e) allows persons whose property has been seized by the government to petition the district court for the return of the confiscated property. See Fed. R. Crim. P. 41(e). Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property. As a threshold matter, however, Rule 41(e) contemplates the existence of a factual dispute as to whether the petitioner lawfully is entitled to possess the challenged property. When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. See Bagley, 899 F.2d at 708.

Federal law prohibits convicted felons from possessing guns. See 18 U.S.C. § 922(g) (1994). Based upon Felici's status as a convicted felon, the district court could properly conclude without receiving evidence that Felici is not entitled to a return of the firearms. Felici is also not entitled to have the firearms held in trust for him by a third party.[1] Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law. See United States v. Sample, 136 F.3d 562, 564 (8th Cir. 1998). Hence, based upon the facts and the law, the district court could properly deny Felici's motion for the return of his firearms without receiving any additional evidence. The same rationale, however, does not apply to the remaining items.

Although the district court characterized the remaining items as "drug-related materials," such materials are not "contraband per se." "Contraband per se is property the mere possession of which is unlawful." United States v. Eighty-Eight Thousand, Five Hundred Dollars, 671 F.2d 293, 297 n. 9 (8th Cir. 1982). It is not illegal to own a false-bottomed can of Country Time or to possess books concerning the manufacturing of controlled substances. The government argues that although the challenged items are not per se illegal, they are related to criminal activity. Accordingly, claims the government, the district court may deny Felici's Rule 41(e) motion without receiving additional evidence based upon the doctrine of unclean hands or the property's status as derivative contraband.

"Derivative contraband [is property that] may be lawfully possessed but which became forfeitable because of unlawful use." See Eighty-Eight Thousand, Five Hundred Dollars, 671 F.2d at 297 n. 8. The doctrine of unclean hands is an equitable doctrine that allows a court to withhold equitable relief if such relief would encourage or reward illegal activity. See United States v. Giovanelli, 807 F. Supp. 351, 357

_____

[1]Felici advanced his third party trust argument in a pro se brief filed prior to our decision to appoint counsel to represent him in this matter.

(S.D.N.Y. 1992), <u>rev'd on other grounds</u>, 998 F.2d 116 (2d Cir. 1993). We have yet to recognize either the derivative contraband theory or the doctrine of unclean hands as it applies in a Rule 41(e) context.

Federal law provides a vehicle for the government to prevent a person from regaining possession of items associated with criminal activity. Pursuant to federal asset forfeiture laws, the government may pursue a forfeiture action against any item used or intended for use to manufacture, contain, or transport controlled substances. <u>See</u> 21 U.S.C. § 881(a). The government failed to initiate an enforcement action in this case. We believe, however, that such a failure should not prevent the government from being able to assert, in resistance to a Rule 41(e) motion, a limited derivative contraband theory, i.e., that the items sought to be returned were in fact utilized or intended to be utilized by the person who possessed them for the manufacture, storage, or transportation of controlled substances. We agree with the district court that it makes scant sense to return to a convicted drug dealer the tainted tools used or intended to be used in his illegal trade when the same were lawfully seized. The error here is that the district court reached its conclusion as to the items that were not firearms without the benefit of "receiving evidence" as required by law. Fed. R. Crim. P. 41(e).

## III.
### Conclusion

For the foregoing reasons, we affirm the district court's denial of Felici's Rule 41(e) motion with respect to the firearms. With regard to the remaining items, we reverse and remand for further proceedings not inconsistent with this opinion and in compliance with Rule 41(e).

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.