# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2983
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| David Winslow Dunham, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 18, 2001
Filed: January 2, 2002

_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

David Dunham appeals the District Court's[1] denial of his Federal Rule of Criminal Procedure 41(e) motion for return of property, and the denial of his subsequent Federal Rule of Civil Procedure 59(e) motion for reconsideration. Having carefully reviewed the record and the parties' briefs, we affirm. See United States v. Felici, 208 F.3d 667, 669-70 (8th Cir. 2000) (standard of review for Rule 41(e) orders), cert. denied, 121 S. Ct. 1209 (2001); Middleton v. City of Blue Springs, Mo., 145 F.3d 993, 994 (8th Cir. 1998) (per curiam) (Rule 59(e) standard of review).

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Dunham is precluded from challenging the instant Rule 41(e) order as to cash and personal property seized from him in September 1997, and as to $1,154 seized from him in October 1997. Dunham already sought to recover this property in a prior Rule 41(e) motion, and after he lost in the district court and appealed to this Court, his appeal was dismissed for failure to prosecute. See 8th Cir. R. 3C (after appeal has been dismissed for failure to prosecute, "there is no remedy for default except by order of the court"). Thus, his claims as to this property are barred by res judicata. See Black Clawson Co. v. Kroenert Corp., 245 F.3d 759, 763 (8th Cir. 2001) (stating standard to find claim barred by res judicata); Lemonds v. St. Louis County, 222 F.3d 488, 495 (8th Cir. 2000) (explaining that res judicata addresses the impropriety of allowing parties to have "two bites at the apple"), cert. denied, 531 U.S. 1183 (2001).

Dunham's remaining claims as to $4,373 seized from him in July 1997 and as to two all-terrain vehicles seized from him around August 1997 also fail. It is undisputed that the cash is in possession of the state in connection with a state forfeiture proceeding, and that the federal government also does not possess the all-terrain vehicles, which a state court ordered released to Dunham in 1997.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-