**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**William E. HARVEY, Defendant—**
**Appellant.**

No. 02–30225.

D.C. No. CR–89–00060–JDS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2003.*

Decided Aug. 13, 2003.

Before ALARCÓN, GOULD, and CLIFTON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

William E. Harvey appeals from the district court's denial of his motion, under Rule 41(g) of the Federal Rules of Criminal Procedure, for the return of property seized pursuant to a search warrant. We affirm in part and vacate in part.

### I

Mr. Harvey contends that the district court lacked subject matter jurisdiction to enter an order in this action because the Government failed to demonstrate where the seized property is located. He has failed to cite any authority to support this proposition. The Supreme Court has instructed that "it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990) (internal quotation marks and citation omitted). Furthermore, we have ruled previously that a district court has jurisdiction over a Rule 41(g) motion even if the property seized no longer exists because the Government destroyed it. *United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir.1987).

### II

Mr. Harvey also contends that the district court erred in denying his motion for an evidentiary hearing on his Rule 41(g) motion because the Government presented no evidence that the property in question was contraband or that the Government might need it as evidence. Rule 41(g) provides that "[t]he court must receive evidence on any factual issue necessary to decide the motion." The rifle and auto-sear were central evidence in Mr. Harvey's conviction for a weapon's violation. The drug-related items and non-drug valuables and documents were addressed in the Presentence Report, to which Mr. Harvey filed objections. The district court considered the Presentence Report and Mr. Harvey's objections during sentencing. The record has been developed over the course of one trial, two sentencing hearings, direct appeal, and habeas petition. The record contains sufficient evidence to resolve Mr. Harvey's Rule 41(g) motion. The district court did not abuse its discretion in denying the motion for an evidentiary hearing.

### III

Mr. Harvey maintains that the district court erred in denying his motion for the return of his property because the district court did not cite to, and the Government did not provide, evidence in support of the court's findings. A Rule 41(g) motion may be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991). "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993) (internal quotation marks and citation omitted).

■ Mr. Harvey first argues that he is entitled to the return of the Colt .22 revolver, the AR–15 and the auto-sear. 18 U.S.C. § 922(g)(1) states that "[i]t shall be

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]" 26 U.S.C. § 5845(a) defines a firearm as "a machinegun." Section 5845(b) provides that the term "a machinegun" also includes "... any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun...." Section 5845(e) includes in the definition of "firearm," "any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive...." In light of Mr. Harvey's conviction and the evidence supporting that conviction, he has no legal right to possess the revolver, the AR–15 rifle, and the auto-sear. We decline to accept Mr. Harvey's suggestion that the district court must order the sale of these items for his benefit. *See United States v. Felici,* 208 F.3d 667, 670 (8th Cir.2000) (holding that a court may not return a convicted felon's firearms to a third-party because section 922(g) prohibits felons from both actual or constructive possession of firearms).

### IV

The Government asserts that it must keep possession of the jewelry, rare coins, silver ingots, and business records seized pursuant to the search warrant because these items support Mr. Harvey's convictions and will be vital in defending against Mr. Harvey's recently initiated tort claims. There are no pending criminal proceedings. The statute of limitations for any criminal prosecutions against Mr. Harvey based on the property seized from him has expired. *See* 18 U.S.C. § 3282 (2003). The five-year statute of limitations has also expired on any forfeiture action

that the Government could have pursued. *See* 28 U.S.C. § 2462. The Government has cited to no case supporting the proposition that it may retain property because it may be used to defend the Government in a civil action filed by the person whose property was seized. The Government's possible necessity to use the jewelry, rare coins, silver ingots, and business records as a shield against tort liability can be readily satisfied by copying the business records and photographing the other items. Thus, the Government has failed to demonstrate that it has a continuing interest to retain them.

### Conclusion

We AFFIRM that portion of the district court's order denying the motion to return Mr. Harvey's Colt .22 revolver, AR–15 and drop-in auto-sear. We VACATE and REMAND the portion of the order denying the return of the jewelry, rare coins, silver ingots, and business records with instructions to impose reasonable conditions to protect access to this property and its use in civil proceedings initiated by Mr. Harvey.

**AFFIRMED VACATED AND REMANDED.**