# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2891

_____

United States of America,       *
      *
       Appellee,       *
      *    Appeal from the United States
     v.       *    District Court for the Southern
      *    District of Iowa.
Carlos Alberto Rivas-Cristales,       *
      *        [UNPUBLISHED]
       Appellant.       *

_____

Submitted:  March 3, 2004

Filed:  March 8, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Carlos Alberto Rivas-Cristales, who was sentenced on drug charges, appeals the district court's[1] denial of his Federal Rule of Criminal Procedure 41 motion for return of $2,600 and handguns seized during a search of his residence. The handguns were destroyed after Mr. Rivas-Cristales's trial when no claim was made for their return, and the currency was forfeited to the United States after no claim was made for it during administrative forfeiture proceedings. The district court summarily

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

denied the motion finding that it was untimely and that the administrative forfeiture of the currency was proper and lawful. On appeal, Mr. Rivas-Cristales challenges, inter alia, the legality of the search and the forfeiture proceedings.

After careful review of the record, we conclude the district court properly denied the Rule 41 motion as Mr. Rivas-Cristales was not entitled to possession of the seized property at issue. See Fed. R. Crim. P. 41(g) (return of seized property); United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (convicted felon not entitled to return of firearms), cert. denied, 531 U.S. 1201 (2001); Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit, 92 F.3d 648, 652 & n.4 (8th Cir. 1996) (Rule 41 may not be used to attack antecedent civil forfeitures). We also conclude Mr. Rivas-Cristales's due process challenge to the administrative forfeiture proceedings is meritless. See Dusenbery v. United States, 534 U.S. 161, 170, 172-73 (2002) (actual notice not required in administrative forfeiture proceeding; due process requires no more than that government's action be "reasonably calculated, under all the circumstances, to apprise [petitioner] of the pendency of the action"; use of certified mail addressed to petitioner at penitentiary, as notice of pendency of cash forfeiture, was "clearly acceptable" (quoted case omitted)).

Accordingly, the judgment of the district court is affirmed.

_____