**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles F. SHORES, aka Eric Wolf,**
**Defendant–Appellant.**

No. 02–6476.

United States Court of Appeals,
Sixth Circuit.

March 30, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, R. Michael Murphy, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Derek G. Gordon, Anggelis & Gordon, Lexington, KY, for Defendant–Appellant.

Before MOORE, SUTTON, and FRIEDMAN,* Circuit Judges.

### ORDER

Charles F. Shores, aka Eric Wolf, appeals his conviction and sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Law enforcement officers, acting on an outstanding Massachusetts arrest warrant, arrested Shores in the living room of his Kentucky residence. At the time of the arrest, one of the officers conducted a protective "sweep" of the house and found a loaded .22 caliber rifle and a loaded .44 magnum revolver in the bedroom. The rifle was displayed in an open gun rack that hung on the left side of the bedroom's entrance wall. The revolver was in a western-style holster that was hanging on the gun rack. Seventeen additional rounds of .44 magnum caliber ammunition

were in the cartridge loops of the holster belt. The officers also saw a photograph on the bedroom wall of Shores wearing a holstered revolver. At trial, officers testified that the holster and revolver in the photograph appeared to be identical to the holster and revolver found in Shores's bedroom.

A federal jury found Shores guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Shores to ninety-six months of imprisonment and three years of supervised release.

In his timely appeal, Shores contends that: 1) the district court improperly allowed the admission of testimony regarding the photograph; 2) the protective sweep of his residence was an illegal search; and 3) insufficient evidence supports his conviction.

█ Shores's first contention is meritless. He contends that the district court improperly allowed the admission of testimony regarding the photograph of him wearing a holstered revolver because the photograph was not admitted into evidence at trial. This court reviews a trial court's evidentiary determinations for abuse of discretion. *General Elec. Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Federal Rules of Evidence 1002 is not relevant to this situation. That rule reads: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, *except as otherwise provided in these rules* or by Act of Congress." Fed.R.Evid. 1002 (emphasis added). Rule 1004(3) provides the exception. That rule provides, in part, that the original is not

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

required, and other evidence of the contents of a photograph is admissible if "[a]t a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing." Fed.R.Evid. 1004(3). It is undisputed that the photograph in question was not seized by the government but remained in the custody of Shores. It is also undisputed that Shores was given notice of the government's intent to introduce the testimony of law enforcement officers who saw the photograph. Finally, the record reveals that Shores did not produce the original photograph at trial. Under the foregoing circumstances, we cannot say that the district court abused its discretion by allowing the testimony of law enforcement officers regarding the photograph.

■ Shores's second contention is meritless. He contends that no articulable facts existed to justify a protective sweep of his residence, that the sweep constituted an unlawful search, and that the district court should have granted his motion to suppress the evidence obtained in that search. In determining whether the district court properly concluded that the evidence viewed during the protective sweep should not be suppressed, we review the district court's legal conclusions de novo; the district court's factual findings are reviewed only for clear error. *United States v. Bates,* 84 F.3d 790, 794 (6th Cir.1996) (citing *United States v. Radka,* 904 F.2d 357, 361 (6th Cir.1990)).

Law enforcement officers who are lawfully on a premises searching for a person for whom they have an arrest warrant are clothed with the authority to make a protective sweep of the premises. *Maryland v. Buie,* 494 U.S. 325, 332–33, 110 S.Ct.

1093, 108 L.Ed.2d 276 (1990). In order for officers to undertake a protective sweep of an area they must articulate facts that would warrant a reasonably prudent officer to believe that the area to be swept harbored an individual posing a danger to those on the scene. *Id.* at 333–34; *accord United States v. Johnson,* 9 F.3d 506, 510 (6th Cir.1993); *United States v. Rigsby,* 943 F.2d 631, 637 (6th Cir.1991). The protective sweep may extend only to a cursory inspection of those spaces where a person may be found, and the sweep lasts no longer than it takes to complete the arrest and depart the premises. *Buie,* 494 U.S. at 335–36. If, during the protective sweep, officers see items in plain view and have probable cause to believe those items are evidence of a crime, they may seize them. *Id.* at 330; *Arizona v. Hicks,* 480 U.S. 321, 326–27, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).

The protective sweep was justified by articulable facts that would warrant a reasonably prudent officer to believe that two people were in the house. In addition, the sweep was within the limits set forth by *Buie.* The law enforcement officers sought Shores on a Massachusetts arrest warrant. They knew that Shores had been convicted in Massachusetts on a sexual offense that might be considered a violent crime, and that he had violated the conditions of his probation. The officers watched the residence for an hour or an hour and a half but did not see anyone come from or go to the house. They questioned a mail-carrier who told the officers that a man and woman lived in the house. They did not know if Shores's wife was in the house or not. No one responded when they knocked on the door. After a short time, the officers heard someone moving around inside the house and they knocked again and announced their presence. Shores came to the front door and was arrested in the

living room of his residence. The officers did not see Mrs. Shores. A reasonably prudent officer would believe that she was in the house.

One of the law enforcement officers conducted a protective sweep of the residence. The bedroom adjacent to the living room was separated by an open curtain, from where most of the house could be viewed. The officer saw the guns in plain view from the doorway of the bedroom. The officer limited his search to places where persons could be hiding; the protective sweep was, therefore, properly limited. Once the officer saw the guns and ammunition, he had probable cause to believe they were evidence of a crime. The factual findings made by the district court are not clearly erroneous and the legal conclusion is proper. Because the officers stated an articulable reason to search the house as required by *Buie*, we affirm the decision of the district court to deny the motion to suppress.

■ Shores's third contention is meritless. He contends that insufficient evidence supports his conviction. A defendant claiming insufficiency of the evidence bears a "very heavy burden." *United States v. Maliszewski*, 161 F.3d 992, 1005 (6th Cir.1998). The relevant inquiry is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Samuels*, 308 F.3d 662, 666 (6th Cir.2002), *cert. denied*, 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). We draw all available inferences and resolve all issues of credibility in favor of the verdict, and it is not necessary for us to exclude every reasonable hypothesis but guilt. *United States v. Avery*, 128 F.3d 966, 971 (6th

Cir.1997). In assessing the sufficiency of the evidence, we do not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995).

In order to obtain a conviction for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the United States was required to prove that: 1) Shores was convicted of a felony punishable by imprisonment for more than one year; 2) Shores knowingly possessed the firearm specified in the indictment; and 3) the firearms specified in the indictment traveled in or affected interstate commerce. *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991). Shores stipulated to elements one and three. The only issue remaining is his possession of the firearms.

Shores argues that no proof was introduced that he exercised any type of dominion or control over the firearms mounted on the gun rack in his bedroom. He asserts that the guns and ammunition belonged to his wife, not him, and that he did not have the right, ability or intention to exercise control or dominion over the firearms. As a convicted felon, however, Shores is prevented from possessing the guns and ammunition. *United States v. Felici*, 208 F.3d 667, 670 (8th Cir.2000). This includes a prohibition against allowing the firearms to be held in trust for a convicted felon by a third-party. *Id.* Regarding the element of "knowing possession of a firearm" under 18 U.S.C. § 922(g), such possession may be either actual or constructive, *United States v. Smith*, 320 F.3d 647, 655 (6th Cir.), *cert. denied*, 538 U.S. 1023, 123 S.Ct. 1954, 155 L.Ed.2d 868 (2003), and possession need not be exclusive but may be joint. *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973). The evidence offered to prove possession can be direct or circumstantial,

or both. *Id.* A person has actual possession when he knowingly has direct physical control over a thing at a given time. *United States v. Prujansky,* 415 F.2d 1045, 1049 (6th Cir.1969). Constructive possession, on the other hand, exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others. *Craven,* 478 F.2d at 1333. The government can prove a defendant's control over firearms by showing that he has dominion over the premises in which the firearms are located. *United States v. Layne,* 192 F.3d 556, 572 (6th Cir.1999). The weapons and ammunition at issue were undeniably found openly displayed and unsecured in Shores's bedroom, a room in a house over which he had dominion and control. Thus, the evidence was sufficient to establish beyond a reasonable doubt that Shores knowingly had constructive possession of the firearms, whether joint or exclusive.

Accordingly, we hereby affirm the district court's judgment.