# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1454

———————

Rickey L. Jackson,

   Appellant,

    v.

United States of America,

   Appellee.

\*
\*
\*
\* Appeal from the United States
\* District Court for the Eastern
\* District of Missouri.
\*
\*
\*

———————

Submitted: December 13, 2007
Filed: May 21, 2008

———————

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Rickey L. Jackson appeals the district court's (partial) denial of his motion for return of property under Federal Rule of Criminal Procedure 41(g). Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, reverses in part, and remands.

On May 22, 1998, federal and state agents arrested Jackson with a federal warrant. He was driving a Ford Expedition equipped with post-factory stereo\video equipment and wheel rims. From his person, officers seized a gold bracelet, a Nike cap, two driver's licenses, two pagers, two shoestrings, and $1,510 in cash. The

vehicle was towed to a private lot, where clothing, a Nintendo 64, compact discs, and $7,000 were discovered inside.

The Expedition was leased by Ford Motor Company to Cameka Tousant, Jackson's girlfriend. On June 2, 1998, the clothing was released to Tousant's grandmother and "representative." On June 11, 1998, upon default of the lease, Ford repossessed the Expedition. Before the repossession, some of the stereo\video equipment was stolen. Tousant received insurance proceeds for the loss.

Jackson was convicted of drug-related offenses and sentenced to life imprisonment. Pictures of the Expedition, stereo\video equipment, and wheel rims were introduced at trial. The pagers were introduced as well, and then delivered to Jackson.

After trial, in 2003, Jackson filed the motion for return of property seized at the time of arrest. After an evidentiary hearing, the district court denied some of Jackson's claims, finding that the $8,510 currency was lawfully forfeited, the clothing was lawfully transferred, and that Jackson had abandoned any claims to the stereo\video equipment, wheel rims, and Nintendo. The district court ruled, however, that Jackson was entitled to the gold bracelet, Nike cap, licenses, and shoestrings – totaling about $18,552.00 – but that they were either lost or unlawfully appropriated by the government. Finding no jurisdiction to award money damages, the district court severed the meritorious claims and transferred them to the Court of Federal Claims. *See **United States v. Hall***, 269 F.3d 940, 943 (8th Cir. 2001); **28 U.S.C. § 1346(a)(2)**. The Court of Federal Claims dismissed the action as premature. *See **28 U.S.C. § 1292(d)(4)(B)***. Jackson appeals, seeking a declaration that he is entitled to possession of the stereo\video equipment, clothing, and wheel rims.

This court reviews "the district court's legal conclusions de novo and its findings of fact for clear error." ***United States v. Felici***, 208 F.3d 667, 669-70 (8th

Cir. 2000). Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return. *See* **Fed. R. Crim. P. 41(g)**.[1] The movant must establish lawful entitlement to the property. *See United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (per curiam). The court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing. *Felici*, 208 F.3d at 670. This burden is often satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return. *See Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007); *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005); *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001); *United States v. Chambers*, 192 F.3d 374, 377 (3rd Cir. 1999).

The government must then establish a legitimate reason to retain the property, which may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's. *See Kaczynski*, 416 F.3d at 974; *Chambers*, 192 F.3d at 377. A Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (internal quotation marks and citation omitted).

Jackson asserts that the district court erred in determining that he was not entitled to the stereo\video equipment, clothing, and wheel rims. Because the property was seized from Jackson's possession, he satisfied his initial burden and is presumed to have a right to its return unless the government can show a legitimate reason otherwise.

---

[1]On December 1, 2002, Rule 41(e) was redesignated Rule 41(g) without substantive changes. *See* **Fed. R. Crim. P. 41 Advisory Committee Note to the 2002 amendments**. This opinion refers to the rule as 41(g).

The government met its burden as to the stereo\video equipment. The purchase receipts were in the name of Tousant, and when part of it was stolen, she filed an insurance claim and recovered for the loss. This evidence is sufficient to prove that Tousant had a claim of ownership adverse to that of Jackson. The judgment of the district court regarding the stereo\video equipment is affirmed.

As to the clothing, the government also met its burden. The district court found "that at the time of his arrest, there was clothing seized from the Expedition which has not been returned to Jackson, but was released to Mary Tousant, grandmother of Cameka Tousant, lessee of the Ford Expedition," and "Mary Tousant, acting on behalf of Cameka Tousant, lessee of the 1997 Ford Expedition, signed a receipt for the clothing." The receipts for the clothing state the purpose as: "Return to Owner/Mary Tousant." This phrasing – commonly used in the abbreviation "c/o" for "in care of" – means "temporary charge." **Webster's Third New International Dictionary 338 (Philip Babcock Gove et al. eds., 1961**). This evidence is sufficient to prove that Tousant, acting through her grandmother, asserted a claim of ownership adverse to that of Jackson. The judgment of the district court regarding the clothing is affirmed.

As for the wheel rims, the government did not satisfy its burden. In addition to proving the wheel rims were seized from his possession, Jackson introduced evidence that he purchased them and installed them on the Expedition. The district court relied on an abandonment theory. "Abandonment is the voluntary relinquishment of ownership so that the property ceases to be the property of any person and becomes the subject of appropriation by the first taker. Abandonment of property requires intent plus an act." *Herron v. Whiteside*, 782 S.W.2d 414, 416 (Mo. Ct. App. 1989) (internal citation omitted). Here, there was no act of voluntary relinquishment. The property was seized from Jackson and shortly transferred to Ford. The district court reasoned that Jackson acted by placing the wheel rims on a vehicle leased by Tousant. However, this did not manifest "a conscious purpose and

intention of [Jackson] neither to use nor to retake the property into his possession." *Id.* Jackson was using and possessing the wheel rims at the time they were seized.

On appeal, the government additionally claims that Jackson had no rights to the wheel rims because he either gave them to Tousant or attached them to the Expedition. The government offered no evidence that Jackson intended to gift the wheel rims to Tousant. *See Clippard v. Pfefferkorn*, 168 S.W.3d 616, 618 (Mo. Ct. App. 2005) (essential element of an inter vivos gift is the donor's present intent to make a gift). Moreover, in Missouri, "an accessory to an automobile does not become an integral permanent part of the automobile by being attached thereto." *Goodrich Silvertown Stores v. Brashear Freight Lines, Inc.*, 198 S.W.2d 357, 361 (Mo. Ct. App. 1946). The doctrine of accession does not cover this situation.

On this record, Jackson is entitled to the return of the wheel rims. The government does not have possession of them. While Rule 41(g) waives sovereign immunity to allow the return of property, sovereign immunity is not waived to allow monetary damages. *Hall*, 269 F.3d at 943. However, another statute, such as the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81, may waive sovereign immunity to permit money damages. *Id.* This is a matter for remand. The district court "should grant the movant . . . an opportunity to assert an alternative claim for money damages. The court also retains equitable jurisdiction under Rule 41[g] to resolve issues of fact that may help to determine whether such an alternative claim is cognizable." *Id.*

The judgment of the district court is affirmed in part, reversed in part, and remanded.

_____