# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-3465/3466

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Daniel Edward Cvijanovich, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 29, 2009
Filed:  January 5, 2010

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Daniel Edward Cvijanovich challenges the District Court's denial of his motion to compel the United States to destroy copies of previously seized documents (No. 08-3465) and his motion to reconsider (No. 08-3466).  For the following reasons, we reverse and remand.

The government seized various documents from Cvijanovich, at least some of which were used in criminal proceedings in which Cvijanovich was convicted of damaging government property, threatening to assault a federal officer, and in a later proceeding, threatening the President of the United States.  Following Cvijanovich's conviction and sentencing in the most recent prosecution, the government returned the

original documents to Cvijanovich in response to a court order. While his direct appeal of that later conviction was pending, Cvijanovich moved the court to order the government to destroy the copies of the documents that it had retained. The court denied the motion as premature due to the pending appeal (which has now been decided) and based on its finding that the government had other legitimate interests in retaining the copies. The court then denied Cvijanovich's motion to reconsider. On appeal, Cvijanovich argues that he had a property interest in the copies and that because he disputed the government's claim that its legitimate interests justified retaining all of the copies, the court should have held a hearing to resolve the dispute.

Construing Cvijanovich's motion as one for the return of seized property under Rule 41(g) of the Federal Rules of Criminal Procedure, see In re Cook, 928 F.2d 262, 263 (8th Cir. 1991) (per curiam) (noting that pro se pleadings are liberally construed), we review the District Court's legal conclusions de novo and its factual findings for clear error, Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008). We agree with Cvijanovich that he was legally entitled to any copies made of original documents to which he was also legally entitled. See id. (explaining that Rule 41(g) movant's obligation to establish lawful entitlement to the property sought to be returned is often satisfied by showing that the property was seized from movant's possession); Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir. 1982) (determining that business had property interest in, and right to return of, copies of seized business records because the original records were the sole property of the business), cert. denied, 464 U.S. 814 (1983); cf. Marvin v. United States, 732 F.2d 669, 675–76 (8th Cir. 1984) (holding that where original documents were illegally seized, those documents as well as all copies had to be returned). The burden therefore shifted to the government to "establish a legitimate reason to retain the property." Jackson, 526 F.3d at 397; see also United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005) (noting that "[p]roperty seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the

defendant once the trial has concluded" and the property is no longer needed as evidence).

While the government asserted that it needed to retain the copies for evidentiary and security purposes, Cvijanovich disputed the legitimacy of these interests. We cannot review the legitimacy of the government's claims based on the evidence that was before the District Court. Therefore, the court should hold an evidentiary hearing on remand, require the government to provide the copied material for the court's review in assessing the legitimacy of the government's interest in continued possession of the material, and make appropriate findings. See Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."); see also United States v. Wilson, 8 F. App'x 593, 595–96 (8th Cir. 2001) (unpublished per curiam) (concluding that where parties disputed the nature of documents and the only evidence on the matter before the district court was an inventory noting that "drug notes" were destroyed, court erred in not receiving evidence as to destroyed documents); United States v. Felici, 208 F.3d 667, 670–71 (8th Cir. 2000) (holding that district court erred in denying return of "derivative contraband," which was not contraband per se, without first receiving evidence), cert. denied, 531 U.S. 1201 (2001).

We reverse and remand to the District Court for further proceedings consistent with this opinion.

_____