# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 10-1455

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Gary Lee Smith, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

————————

Submitted: November 11, 2010
Filed: February 15, 2011

————————

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

————————

PER CURIAM.

Gary Lee Smith appeals the district court's[1] denial in part of his Federal Rule of Criminal Procedure 41(g) motion to return property. Upon careful review, *see Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (district court's legal conclusions are reviewed de novo and its findings of fact for clear error), this court finds no reversible error. Specifically, this court agrees that Smith was not entitled to the return of the Chevrolet Tahoe, which had been repossessed by a lienholder. *See id.* at 396-97 (government may satisfy its burden by showing cognizable claim of

———————————————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

ownership or right to possession adverse to the movant's).  This court also concludes Smith was not entitled to the return of the property that he admitted had been administratively forfeited, and as to which he first alleged insufficient notice more than five years after final publication of the notice of seizure.  *See* 18 U.S.C. § 983(e)(1) (any person entitled to written notice in any nonjudicial civil forfeiture proceeding under civil forfeiture statute who does not receive such notice may file motion to set aside declaration of forfeiture), (e)(3) (motion under § 983(e)(1) may be filed not later than 5 years after date of final publication of notice of seizure of property), (e)(5) (motion filed under § 983(e) shall be exclusive remedy for seeking to set aside declaration of forfeiture under civil forfeiture statute).

Accordingly, we affirm.

_____