**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-7628**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOHNNY SOZA,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:12-cr-00278-JCC-1)

Submitted:  March 27, 2015        Decided:  April 1, 2015

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny Soza, Appellant Pro Se. Maureen Catherine Cain, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Soza appeals the district court's order denying his motion for return of property pursuant to Fed. R. Crim. P. 41(g).[*] For the reasons that follow, we affirm.

We review for abuse of discretion the district court's denial of a motion for return of property. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). Under Rule 41, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "Property" is defined to include "documents, books, papers, any other tangible objects, and information." Fed. R. Crim. P. 41(a)(2)(A).

Rule 41 may be utilized "to commence a civil equitable proceeding to recover seized property that the government has retained after the end of a criminal case." Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007); see United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995). A Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property

---

[*] Although Soza's motion referenced Fed. R. Civ. P. 41(e), following the 2002 Amendments to the Federal Rules of Criminal Procedure, "Rule 41(e) now appears with minor stylistic changes as Rule 41(g)." United States v. Rayburn House Office Bldg., 497 F.3d 654, 663 n.6 (D.C. Cir. 2007).

2

as evidence continues." Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008) (internal quotation marks omitted).

The district court's order indicates that it denied Soza's motion largely on the basis of the Government's continued need for the property during the pendency of Soza's successive 28 U.S.C. § 2255 (2012) motion. Although that motion has since been resolved, we may affirm for any reason appearing on the record. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Our review of the record leads us to conclude that Soza lacks an interest in the property he seeks to have returned to him, both because he consented to its forfeiture through his plea agreement and because he stipulated to its status as derivative contraband subject to forfeiture under 18 U.S.C. § 2428(a)(1) (2012). See United States v. Alamoudi, 452 F.3d 310, 312-13 (4th Cir. 2006) (upholding forfeiture where plea agreement specified forfeitable property and contained waiver provision); United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1212 n.13 (10th Cir. 2001) (addressing forfeiture of derivative contraband).

Soza also asserts that the court erred in denying his motion without providing him an opportunity to reply to the Government's response. Assuming, without deciding, that the court prematurely denied the motion, our review of the reply Soza subsequently filed leads us to conclude that any such error

3

was harmless. Finally, insofar as Soza attempts to challenge the validity of his conviction and sentence, Rule 41(g) is not an appropriate vehicle for raising such postconviction challenges.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4