# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2573

_____

United States of America,

*Plaintiff - Appellee*,

v.

Tiran Rodez Casteel, also known as Tiran R. Casteel; Devan Rodez Casteel,

*Defendants - Appellants*,

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted:  June 22, 2018
Filed: July 5, 2018
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Federal inmates Tiran Casteel and Devan Casteel appeal the district court's[1] denial of their motion under Federal Rule of Criminal Procedure 41(g) for return of the property seized during their arrest and a subsequent search.

Upon reviewing the district court's legal conclusions de novo and factual findings for clear error, *see Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008), and after careful consideration of the parties' arguments on appeal, we conclude that the district court properly denied the Rule 41(g) motion. As to Tiran's request for numerous collectible coins, which were determined to be stolen property, we agree with the district court that Tiran did not establish his lawful entitlement to any of the coins. *See Jackson*, 526 F.3d at 396. As to Tiran's request for a starter pistol, we agree that, as a felon, he could not possess the starter pistol because it fell within the statutory definition of a firearm. *See* 18 U.S.C. § 921(a)(3). As to Devan's request for eight firearms seized during the search, we agree that, as a felon, he could not possess the firearms, and we note that he did not provide the district court any assurance that transferring the firearms to his mother would prevent him from exercising control over them. *See* 18 U.S.C. § 922(g); *Henderson v. United States*, 135 S. Ct. 1780, 1786 (2015). Finally, as to Devan's request for $600 cash used by Tiran to purchase weapons from an undercover officer, we agree with the district court that Devan was not the source of the cash, and we note that a finding to the contrary would be inconsistent with an earlier decision by this court. *See United States v. Huber*, 462 F.3d 945, 953 (8th Cir. 2006); *see also Jackson*, 526 F.3d at 396.

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.