# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3239
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Howard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 15, 2020
Filed: September 2, 2020

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Bryan Howard seeks the return of three ATVs and video surveillance equipment seized by the Sarpy County, Nebraska Sheriff's Office during a drug investigation. Howard pleaded guilty to conspiring to distribute methamphetamine under 21 U.S.C. § 846 and filed a motion for return of property under Federal Rule

of Criminal Procedure 41(g). The district court[1] denied the motion without holding an evidentiary hearing and Howard timely appealed. We affirm.

I.

The Sarpy County Sheriff's Office made multiple methamphetamine purchases from Howard and his co-conspirator. After those buys, investigators lawfully searched properties associated with the pair and seized several items of personal property. In his plea agreement, Howard forfeited his motorcycle, a truck, a trailer, and currency. Relevant to this appeal is the seizure of three ATVs stored inside the forfeited trailer and video surveillance equipment monitoring Howard's home and commercial property.

After sentencing, Howard requested the district court perform an inventory of the seized property and return any property not listed in his plea agreement and forfeiture allegation. The district court construed the request as a Rule 41(g) motion and noted that an evidentiary hearing would be scheduled if the issues could not be resolved on the pleadings.

The Government provided an inventory of seized property prepared by the sheriff's office, which had the property, but objected to Howard's motion because he could not show lawful entitlement to the property. The Government's response included affidavits and evidence logs showing that, with the exception of the ATVs and some other items irrelevant to this appeal, almost all of the property Howard requested had been either forfeited to the U.S. Marshals Service because of his plea agreement or destroyed after his federal case concluded. The sheriff's office had returned two ATVs to their proper owners, sold one ATV pursuant to state law, and disposed of the video surveillance equipment.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Howard claimed he was entitled to an evidentiary hearing because of continuing factual disputes over the property. The district court, however, determined Howard could not recover damages for any disposed-of property because the Government provided uncontested evidence undermining Howard's claims. The court explained that Howard had failed to allege that any "material fact in dispute [was] *genuinely* controverted," and so he was not entitled to an evidentiary hearing. D. Ct. Dkt. 197 at 17 (emphasis in original). It denied Howard's motion and dismissed with prejudice his claim for monetary damages.

II.

We review the district court's legal conclusions *de novo* and its findings of fact for clear error. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). To succeed on a Rule 41(g) motion, Howard must show that he is entitled to lawfully possess the seized property at issue, *id.*, and that the Government has or had the property, *United States v. Bailey*, 407 F.App'x 74, 75 (8th Cir. 2011). "The court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing." *Jackson*, 526 F.3d at 396. If that burden is met, the Government "must then establish a legitimate reason to retain the property." *Id*. at 397. If a factual dispute as to who has custody of the property or who is entitled to its possession arises, "the court must hold a hearing to determine those issues." *United States v. Timley*, 443 F.3d 615, 625 (8th Cir. 2006). But no evidentiary hearing is required "[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property." *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000) (abrogated in other part by *Henderson v. United States*, 575 U.S. 622 (2015)).

The sheriff's office seized three ATVs from a trailer Howard forfeited in his plea agreement. Two stolen ATVs were returned to their rightful owners and the

sheriff's office held the third ATV for the requisite statutory period before auctioning it pursuant to state law. Though state officials had actual possession of the ATVs, Howard argued that the Government had constructive possession.

To constructively possess seized property in these circumstances, the Government must either (1) consider the property as evidence in a federal prosecution or (2) direct state officials to seize the property as agents of federal authorities. *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999). Howard contends the district court erred because it prematurely "dismiss[ed] the possibility of constructive possession" without holding an evidentiary hearing. Howard Br. 13. We disagree.

Because Howard argued only that the sheriff's office "kept the property for the purpose of the federal prosecution," D. Ct. Dkt. 191 at 11, that is the only argument regarding the ATVs we address in detail.[2] We agree with the district court that the uncontested record shows the sheriff's office seized the ATVs for reasons unrelated to the federal prosecution. In the absence of a factual dispute, Howard cannot show the district court erred in denying him an evidentiary hearing.

---

[2]Howard contends for the first time before us that the second route to establish constructive possession is potentially applicable in this case. When a defendant raises an argument he did not make to the district court, we review for plain error. *United States v. Porchay*, 533 F.3d 704, 708 (8th Cir. 2008). Howard made the bare assertion to the district court that federal and state authorities "worked cooperatively," D. Ct. Dkt. 183 at 1, but Howard did not specifically allege that the Government directed the sheriff's office to seize any property, let alone the ATVs in particular. Even if he had done so, the Government submitted an uncontested affidavit from an officer in the sheriff's office explaining that all property had been seized "pursuant to State warrants and not at the specific direction of" federal authorities. D. Ct. Dkt. 184-4. The district court did not plainly err by declining to hold an evidentiary hearing in light of the uncontested record evidence.

Howard also requested the return of video surveillance equipment monitoring his home, where he stored and sold drugs, and his business, where he stored paraphernalia and a motorcycle used to transport drugs. In light of its apparent purpose, the sheriff's office seized the video surveillance equipment and classified it as "Derivative Contraband."

We have explained that "it makes scant sense to return to a convicted drug dealer the tainted tools used or intended to be used in his illegal trade when the same were lawfully seized." *Felici*, 208 F.3d at 671. So the Government is "able to assert, in resistance to a Rule 41[(g)] motion, a limited derivative contraband theory." *Id.* (alteration to reflect current statutory designation). That is, if the items Howard requests "were in fact utilized or intended to be utilized . . . for the manufacture, storage, or transportation of controlled substances," then the Government has shown a legitimate reason to retain the property. *Id.*

"Taken together, digital scales, baggies, and surveillance cameras are 'tools of the [drug] trade.'" *United States v. Murphy*, 901 F.3d 1185, 1195 (10th Cir. 2018) (citing *United States v. Taylor*, 813 F.3d 1139, 1144 (8th Cir. 2016)). The sheriff's office seized all of these from Howard's properties as evidence of his illegal trade. The district court concluded that the surveillance systems were derivative contraband based on ample and uncontested evidence of their use in a criminal conspiracy—a conspiracy to which Howard pleaded guilty. This evidence included uncontested affidavits from state law enforcement officers who investigated Howard's crime. The officers swore that every seized item marked as "Derivative Contraband" was "used or intended to be used in connection with the storage, transportation, distribution, or use" of drugs. D. Ct. Dkt. 184-3; D. Ct. Dkt. 184-4. Howard did not swear otherwise. Howard's claim that his interest in protecting legitimate personal property "would be just as strong as any interest in protecting any contraband" does not create a factual dispute over whether the surveillance equipment was used to advance his illegal trade. Howard Br. 14. The district court did not err when it denied Howard

a hearing on the issue because he had no cognizable claim to the video surveillance equipment.

The judgment of the district court is affirmed.

_____