# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1242
_____

United States of America

*Plaintiff - Appellee*

v.

Hassan Osman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 13, 2022
Filed: August 19, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Hassan Tifow Osman was convicted of several tax fraud offenses and failure to appear in violation of 18 U.S.C. §§ 2, 371, 3146(a)(1), and 26 U.S.C. § 7206(2). In addition to imprisonment, the district court[1] ordered $394,120.14 in restitution.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

*See United States v. Osman*, 929 F.3d 962, 964 (8th Cir. 2019). After the government discovered substantial funds in Osman's inmate trust account, the Bureau of Prisons encumbered it. He sued to free the account. The government moved for a turnover order. The district court granted the motion. Osman appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In the original judgment, the district court ordered that Osman make: "Lump sum payments of $394,120.14 due immediately." After assessing his ability to pay, the district court also ordered a "Schedule of Payments," of "equal quarterly installments of $25 if working non-Unicor or a minimum of 50 percent of monthly earnings if working Unicor," beginning after the date of the judgment. Osman complied with the Schedule.

Four years later, with the restitution balance at $394,095.14, the government discovered substantial resources in Osman's trust account, totaling $14,650.99. He had not alerted the government as required by 18 U.S.C. § 3664(k) and the original judgment. After the BOP encumbered the account, Osman sued under Federal Rule of Civil Procedure 41(g). The government moved for a turnover order (preserving $150 for essential purchases).

Osman objected, arguing the encumbered funds were protected because friends and family deposited them so he could get legal counsel for deportation proceedings. The court granted the turnover, finding he received substantial resources from "any source" and must "apply the value of such resources to any restitution or fine still owed." *See* 18 U.S.C. § 3664(n). *See also* 18 U.S.C. § 3613(a); 18 U.S.C. § 3664(k). *See generally United States v. Kidd*, 23 F.4th 781, 787 (8th Cir. 2022) (agreeing with the Fifth Circuit's approach to "substantial resources" in *United States v. Hughes*, 914 F.3d 947 (5th Cir. 2019) and holding that "windfalls or sudden financial injections" are the type of "substantial resources" that fit within the ambit of § 3664(n)).

On appeal, Osman asserts for the first time that the funds deposited to his account by family and friends were *loans* to obtain legal counsel. And he believes the district court erred by not *sua sponte* holding an evidentiary hearing to determine whether anyone retained a third-party interest in the funds. Osman acknowledges he did not request an evidentiary hearing in the district court. This court reviews for plain error. *See United States. v. White Bull,* 646 F.3d 1082, 1095 (8th Cir. 2011) (finding if a defendant did not seek an evidentiary hearing at trial, review is confined to plain error). Under plain error review, this court reverses only if there is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 467 (1997). *See also United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Osman relies on *United States v. Mitchell*, 2017 U.S. Dist. LEXIS 173166 (D. Minn. No. 14-cr-222 (PSJ) October 19, 2017) to argue that a third party had an interest in the money, and he was entitled to an evidentiary hearing on the matter. *Mitchell* relies on *United States v. Yielding*, 657 F.3d 722 (8th Cir. 2011), holding a defendant "may not be ordered" to apply funds "to his restitution debt simply because the funds are 'available' to him." *Yielding*, 657 F.3d at 728-29. Rather, the defendant "must be the owner; it must be *his* money." Yet, Osman never raised this argument in the district court. In fact, he explicitly contradicted it. In the district court Osman claimed that "the funds belong to Osman for the simple fact that they are deposited into his inmate trust fund account." Osman did not submit any affidavits or evidence that his family retained a property interest in the funds they gave, nor did he ask for an evidentiary hearing. The district court accordingly ruled: "[T]his case presents no questions about ownership of the funds." On appeal, Osman acknowledges: "In the district court, Osman did not claim that his family loaned him the money they provided. . . . Osman did not claim that those who provided the money had a property interest in it."

Absent a factual dispute, a district court has discretion in deciding whether to hold an evidentiary hearing. *See United States v. Howard*, 973 F.3d 892, 895 (8th

Cir. 2020) ("In the absence of a factual dispute, [defendant] cannot show the district court erred in denying him an evidentiary hearing."). Osman waived his right to claim third-party interests in this court by stating the funds in the account belonged to him. *See United States v. Gutierrez*, 130 F.3d 330, 332 (8th Cir. 1997), *citing United States v. Olano*, 507 U.S. 725, 733 (1993) ("The Supreme Court has distinguished between a right that is inadvertently left unasserted and one that is intentionally relinquished or abandoned, noting that the latter constitutes a waiver that extinguishes a claim altogether.").

The district court did not plainly err in not *sua sponte* holding an evidentiary hearing and in ruling that there was no question as to ownership of the funds.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____