# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3002

_____

United States of America

*Plaintiff - Appellee*

v.

Raven Damien Meader Burkhow

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 14, 2026
Filed: May 19, 2026
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Raven Burkhow appeals the denial of two pro se motions urging the district court[1] to compel the government to return certain property seized in 2019. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the

Upon careful review, this court concludes that Burkhow cannot move for the return of the property under both Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(e) because he agreed to waive and abandon any interest in the sought property in his plea agreement. *See United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 734 (8th Cir. 2001) (in governmental forfeiture context, claimant must have ownership interest in property); *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (movant under Rule 41(g) must establish lawful entitlement to property); 18 U.S.C. § 983(e)(1) (movant under § 983(e) may set aside administrative forfeiture only "with respect to that person's interest in the property").

Furthermore, this court concludes the abandonment-of-interest provisions in the plea agreement are valid and enforceable, as Burkhow confirmed at the change-of-plea hearing that he had read, understood, and agreed to the terms of the plea agreement and that his decision was voluntary. *See Libretti v. United States*, 516 U.S. 29, 42 (1995) (upholding plea agreement's forfeiture provisions when they are knowing and voluntary); *United States v. Andis*, 333 F.3d 886, 890–91 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant about decision to enter into agreement); *see also United States v. Michelsen*, 141 F.3d 867, 873 (8th Cir. 1998) (plea agreement waivers are "strongly supported by public policy"); *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987) (noting it is "well settled that plea bargaining does not violate the Constitution").

Because the district court did not err in denying Burkhow's motions, this court affirms.

_____

Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.